UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:08-00129

CORY CHAFIN

MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to dismiss, filed July 31, 2008.


I.


On February 13, 2008, defendant and Juan Chic visited Graybeal Firearms.  While en route, defendant and Chic smoked marijuana.  When they arrived at Graybeal Firearms, the proprietor detected a marijuana scent and refused to do business with them.  After the two left the establishment, the proprietor noted, on a Form 4473 that Chic had previously completed on February 6, 2008, as follows: "'Customer came in smelling of marijuana, refused sale.  Contacted ATF and State Police, Boone County Sheriff Department.'"  Defendant had previously been arrested or cited by the Charleston Police Department for possessing personal use amounts of marijuana on September 19 and December 8, 2007, and February 22, 2008.

On March 19, 2008, law enforcement officers visited the defendant's residence.  He confessed to regularly using marijuana and to smoking it that day.  He also reported that he and Chic associated together for about a year and smoked marijuana together regularly.  Defendant conceded that he had previously sold firearms to Chic.  He said one sale resulted, in part, from Chic's inability to buy a gun, from Graybeal Firearms, when Chic smelled of marijuana at the time.

When interviewed later by law enforcement, Chic admitted as much.  He said that (1) he had used marijuana at least every other day since he was 14 years of age; (2) he corroborated defendant's statements concerning their frequency of use; and (3) he admitted smoking marijuana en route to Graybeal Firearms, noting he was refused a sale due to the drug's odor.

On June 10, 2008, the United States indicted defendant. Counts I and II alleged his false statements, namely, that he was not an unlawful user or addicted to marijuana, on United States Department of Justice ATF Forms 4473, in violation of 18 U.S.C. 924(a)(1)(A).  Count III recounted his sale of a firearm to Chic, whom he knew or had reason to believe was an unlawful user or addict, in violation of 18 U.S.C. §§ 922(d)(3) and 924(a)(2). Count IV alleged his knowing possession of firearms during a time

2

when he was an unlawful user or addict, in violation of 18 U.S.C. 922(g)(3) and 924(a)(2).[1]

On August 18, 2008, the parties entered into a Rule 11(a)(2) conditional plea agreement.  Paragraph 2 stated that if the court denied the instant motion to dismiss, defendant would plead guilty to Count III.  (Plea Agmt. ¶ 2).  A plea hearing was held on October 14, 2008.  At that time, the court found that defendant and Chic both qualified as unlawful users of marijuana.  The court additionally noted that defendant was aware of Chic's drug habit for at least one year preceding the events charged in the indictment.

As noted, defendant has moved to dismiss the entirety of the indictment.  He relies upon District of Columbia v. Heller, 128 S. Ct. 2783 (2008), contending the decision necessarily invalidates the statutes under which he was charged.  Defendant primarily asserts that he lacked notice concerning whether he or Chic qualified as unlawful users or addicts because

---

[1]On June 10, 2008, the United States also indicted Chic as follows: Counts I and III -- knowing possession of firearms in and affecting interstate commerce while he was an unlawful user or addict, and Count II -- knowingly making a false statement on a Form 4473.  On August 20, 2008, Chic pled guilty to Count II. He was cooperating with the United States at the time of defendant's plea hearing.

neither had previously been adjudicated as having those statuses.
The argument is a variant of the oft-rejected notion that
ignorance of the law excuses otherwise illegal conduct.  Based
upon the facts found above, defendant had sufficient notice that
he and Chic qualified as prohibited persons under the statutes
allegedly violated.  United States v. Jackson, 280 F.3d 403, 406
(4th Cir. 2002) (interpreting section 922(g)(3) and observing as
follows: "While we do not doubt that the exact reach of the
statute is not easy to define, we agree with the government that
this is not a borderline case.  The officer testified that he
smelled marijuana as he approached the car and that Jackson
admitted to smoking marijuana twice a day for many years,
including earlier that evening. Given the evidence, Jackson
violated the plain meaning of the statute."); United States v.
Dalhouse, 534 F.3d 803, 807 (7th Cir. 2008) ("On the disputed
element -- whether Dalhouse was a marijuana user when he
possessed the gun -- there was also sufficient independent
evidence. 'Wing Ding' King testified that he and Dalhouse smoked
marijuana regularly and had done so only minutes before Dalhouse
was found to have a handgun.  That evidence would have allowed
the jury to conclude that Dalhouse was a marijuana user.").[2]

---

    [2] See also United States v. Marsh, No. 06-4713, 2007 WL
1381590, at * 1 (4th Cir. May 9, 2007), where the panel cogently
observes:

(continued...)

II.

        In <u>Heller</u>, the Supreme Court was presented only with the question of "whether a District of Columbia prohibition on the possession of usable handguns in the home violates the Second Amendment to the Constitution." <u>Id.</u> at 2787-88.  Following <u>Heller</u>, it is settled that the Second Amendment "guarantee[s] . . . the individual right to possess and carry weapons in case of confrontation." <u>Id.</u> at 2797, 2799.

        Equally apparent is the notion that the individual right is "not unlimited, just as the First Amendment's right of free speech . . . [is] not" unlimited.  <u>Id.</u> at 2799 ("[W]e do not read the Second Amendment to protect the right of citizens to carry arms for <u>any sort</u> of confrontation, just as we do not read the First Amendment to protect the right of citizens to speak for any purpose.")(emphasis in original).  Specifically, the <u>Heller</u> decision observes as follows:

_____

        [2](...continued)
        [T]he Government must prove that the defendant
        possessed a firearm and that his drug use was
        sufficiently consistent, prolonged, and close in time
        to the gun possession to put him on notice that he
        qualified as an unlawful user of drugs under the
        statute.

<u>Id.</u>

5

> From Blackstone through the 19th-century cases,
> commentators and courts routinely explained that the
> right was not a right to keep and carry any weapon
> whatsoever in any manner whatsoever and for whatever
> purpose.  For example, the majority of the 19th-century
> courts to consider the question held that prohibitions
> on <u>carrying concealed weapons</u> were lawful under the
> Second Amendment or state analogues.  Although we do
> not undertake an exhaustive historical analysis today
> of the full scope of the Second Amendment, nothing in
> our opinion should be taken to cast doubt on
> longstanding prohibitions on the <u>possession of firearms
> by felons</u> and <u>the mentally ill</u>, or laws forbidding the
> <u>carrying of firearms in sensitive places such as
> schools and government buildings</u>, or laws <u>imposing
> conditions and qualifications on the commercial sale of
> arms</u>.

<u>Heller</u>, 128 S. Ct. at 2816-17 (emphasis supplied) (citations

omitted).  The Supreme Court stressed that these underscored,

significant carve outs were "presumptively lawful regulatory

measures" that were "examples[,]" rather than an "exhaustive"

listing, of legitimate prohibitions.  <u>Id.</u> at 2817 n. 26.

The foregoing discussion suggests at least two reasons

why defendant's reading of <u>Heller</u> is too broad.  First, the

Supreme Court addressed only the constitutionality of a sweeping

District of Columbia firearm regulation -- one that included a

total ban on handguns -- that was far more restrictive than the

statutes allegedly violated in Counts III and IV.[3]  Second,

_____

[3]Defendant contends as well that <u>Heller</u> warrants the
dismissal of Counts I and II, which allege violations of section
(continued...)

6

Heller sanctioned some well-rooted, public-safety-based exceptions to the Second Amendment right that appear consistent with Congress' determination that those unlawfully using or addicted to controlled substances should not have firearms at the ready.

Consistent with its October 14, 2008, bench ruling, the court, accordingly, ORDERS that the defendant's motion to dismiss be, and it hereby is, denied.

---

[3](...continued)
924(a)(1)(A).  The assertion does not merit extended discussion. The subject of Counts I and II is not defendant's possession of a firearm but rather his alleged knowingly false statements on Forms 4473.  A citizen might attempt to challenge the constitutionality of Form 4473's structure based upon Heller.  As long as its structure is intact, however, as it was in February 2008, it was incumbent upon an applicant to answer truthfully the questions put.  The broadest possible reading of Heller would not decriminalize the misconduct alleged in Counts I and II.

An in-depth analysis is likewise unwarranted concerning defendant's contention that any post-Heller firearm restriction must satisfy strict constitutional scrutiny.  The law appears otherwise.  See Heller, 128 S. Ct. at 2851 (Breyer, J., dissenting) ("Respondent proposes that the Court adopt a 'strict scrutiny' test, which would require reviewing with care each gun law to determine whether it is 'narrowly tailored to achieve a compelling governmental interest.' But the majority implicitly, and appropriately, rejects that suggestion by broadly approving a set of laws -- prohibitions on concealed weapons, forfeiture by criminals of the Second Amendment right, prohibitions on firearms in certain locales, and governmental regulation of commercial firearm sales -- whose constitutionality under a strict scrutiny standard would be far from clear.").

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 18, 2008

John T. Copenhaver, Jr.
United States District Judge